# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| OSCAR OLEA-CORONADO,<br><br>    Petitioner,<br><br>v.<br><br>RICHARD IVES, Warden,<br><br>    Respondent. | No. CV 12-9859-CAS (PLA)<br><br>**ORDER TO SHOW CAUSE RE: TRANSFER OF SECTION 2255 PETITION** |

Oscar Olea-Coronado ("petitioner"), who is currently incarcerated at the Federal Correctional Institution in Lompoc, California, initiated this action on November 16, 2012, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition").

The Petition does not reflect petitioner's date of conviction, the offense for which he was convicted, the length of his sentence, or the court in which he was sentenced.[1] Nevertheless, petitioner seeks habeas relief on grounds relating to the length of his sentence, instructional error,

---

[1] However, it appears that petitioner was convicted on February 29, 2008, in the United States District Court for the Southern District of Ohio, of conspiracy to distribute a controlled substance. (See U.S. Dist. Ct., S.D. Ohio, Case No. 2:07-124-GLF-TPK, Docket Nos. 74, 118). On August 14, 2008, petitioner was sentenced in that court to 121 months in federal prison. (See id., Docket No. 160).

insufficiency of the evidence, and ineffective assistance of counsel. (See Petition at 6-19). Petitioner also asserts that he is actually innocent. (See Petition at 3-5).

Because petitioner is challenging the legality of his conviction and sentence, the Court must consider as a threshold matter whether it has jurisdiction in this action. "[I]n order to determine whether jurisdiction is proper, a [federal] court must first determine whether a habeas petition is filed pursuant to [28 U.S.C.] § 2241 or § 2255 before proceeding to any other issue." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). The distinction between a habeas corpus petition under Section 2241, and a motion to vacate, set aside or correct a sentence under Section 2255, directly affects whether a particular district court has jurisdiction to entertain the action. Id. at 865.

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted), cert. denied, 549 U.S. 1313 (2007); Harrison v. Ollison, 519 F.3d 952, 955-56 (9th Cir.), cert. denied, 555 U.S. 911 (2008). A motion under Section 2255 must be brought in the sentencing court. See 28 U.S.C. § 2255. On the other hand, a habeas corpus petition under 28 U.S.C. § 2241 is the appropriate vehicle by which a federal prisoner challenges the manner, location or conditions of the execution of his sentence. Hernandez, 204 F.3d at 864. A Section 2241 petition must be brought in the district in which the petitioner is in custody. Id. at 865.

It is well-established that a federal prisoner may not substitute a Section 2241 habeas petition for a Section 2255 motion. See Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999) ("The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."). Although this Court has jurisdiction to hear a habeas corpus petition under Section 2241, petitioner's claim in this action directly challenges the legality of his sentence. Thus, petitioner's claim is presumptively cognizable only in a Section 2255 motion and must be filed in the court of conviction.

Section 2255, however, has an "escape hatch" or "savings clause," which provides that "[a] federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence

2

when the prisoner's remedy under § 2255 is inadequate or ineffective to test the legality of his detention." Harrison, 519 F.3d at 956 (internal quotations omitted); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999); see also United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997). The "inadequate or ineffective remedy" exception that allows a Section 2241 motion is "narrow" (Pirro, 104 F.3d at 299), and the petitioner bears the burden of proving the exception applies. See Charles, 180 F.3d at 756. It is well-established that a "district court's previous denial of relief on the merits is not alone sufficient to show that the section 2255 remedy is inadequate." Tripati v. Henman, 843 F.2d 1160, 1163 (9th Cir. 1988). Nor does the ban on unauthorized second or successive motions make Section 2255 inadequate or ineffective. Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000); see also Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003) ("§ 2255's remedy is not 'inadequate or ineffective' merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition . . . ." (citation omitted)).

A motion satisfies the "escape hatch" criteria of Section 2255 "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Harrison, 519 F.3d at 959 (quoting Stephens, 464 F.3d at 898 (internal quotation marks omitted)). To demonstrate "actual innocence," petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Stephens, 464 F.3d at 898 (citation omitted). In determining whether petitioner had an unobstructed procedural shot to pursue the claim, the Court considers: (1) "whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060-61).

Here, the "escape hatch" does not apply because petitioner has not met his burden of showing that the remedy under Section 2255 is ineffective or inadequate. First, while petitioner acknowledges that "a second [] motion [attacking the same sentence] would be barred as a second or successive petition" (Petition at 2), he does not provide any detail about any Section 2255 motion he may have already filed in the sentencing court, and does not allege that he was prevented in any way from filing such a motion. Thus, petitioner has not shown that he did not

have an unobstructed procedural shot at presenting the instant claims. Second, although petitioner asserts that he "has fulfilled the showing required to demonstrate 'actual innocence'" (Petition at 3), he has not submitted <u>any</u> evidence demonstrating that "it is more likely than not that no reasonable juror would have convicted him" of the offenses for which he was convicted. See <u>Stephens</u>, 464 F.3d at 898.

Accordingly, petitioner is **ordered to show cause, no later than December 11, 2012**, why the pending action, which falls under Section 2255 and not Section 2241, should not be transferred pursuant to 28 U.S.C. § 1631 to the sentencing court, which has jurisdiction over petitioner's Section 2255 claim. See <u>Hernandez</u>, 204 F.3d at 866 (holding that district court must make initial determination whether action is properly brought under Section 2241 or Section 2255 since that issue determines a district court's jurisdiction). **Failure to respond by December 11, 2012, will result in the instant Petition being transferred to the sentencing court.**

**IT IS SO ORDERED.**

DATED: November 20, 2012

*Paul L. Abrams*

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

4